## Young v. Roberts, et al.

(Decided May 5, 1911.)

### Appeal from Henry Circuit Court.

1. Elections—Illegal Votes—The receiving of illegal or improper votes will not alone vitiate an election; it must be shown affirmatively, in order to overturn the declared result, that the wrongful act changed it.

2.    Same—Action of School Trustees—In the absence of an aver-
ment of fraud or oppression in an election sufficient to authorize
an injunction, the action of the school trustees fixing the amount
of money required to be raised for school purposes is conclusive.

TURNER & TURNER for appellant.

R. D. JACKSON for appellees.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

Appellant, Young, a resident and taxpayer of the
Bethlehem Graded White Common School District No.
24, in Henry County, instituted this suit against the
trustees for said district to enjoin them from issuing
bonds to the amount of $2,000 for the purpose of provid-
ing suitable grounds, school building, furniture and ap-
paratus for the conducting of a good graded common
school in said district. The election was called by the
trustees, and held in every respect as required by section
4481 of the Kentucky Statutes.

It was conducted by two judges, a clerk and a sheriff
on February 25, 1911, and resulted in 102 votes having
been cast in favor of the issuing of the bonds, and 13
votes in opposition thereto.

The injunction is asked upon two grounds only:
first, because five persons who were not qualified or
legal voters, and who did not live in the boundary of the
district, were permitted to vote at the election, four of
them having voted against the issual of the bonds, and
one in favor thereof; and, second, because there is now
erected on the school grounds a suitable building for the
accommodation of the children in the district, and, as
plaintiff is informed, said building has been paid for by
private donations, except the sum of $900, which is still
owing, and it will not require as much as $2,000 to com-
plete the payment for the building.

The lower court sustained a demurrer to the petition;
and the plaintiff having declined to plead further, the pe-
tition was dismissed and plaintiff appeals.

We are of opinion that the demurrer was properly
sustained. Conceding that five illegal votes were cast,
it must, nevertheless, be admitted that the result of the
election was not in any way affected thereby. The re-
ceiving of illegal votes will not alone vitiate an election;
it must be shown affirmatively, in order to overturn the

declared result, that the wrongful act changed it. Mc-Crary on Elections, Sec. 444; Wooley v. Louisville Southern R. R. Co., 93 Ky., 223.

The second objection rests upon no firmer ground than the first; for, in the absence of an averment of fraud or oppression sufficient to authorize an injunction, the ratified action of the trustees in fixing the amount of money required to be raised is conclusive. The averment of the pleader in this case is merely the expression of a difference of opinion. Cromwell v. Trustees, et al., 14 Ky. Law Rep., 173. Furthermore, the allegation of the petition that only $900 is necessary, is confined to the payment for the buildings, while the vote was taken upon the question of issuing bonds to the amount of $2,000 for the purpose of providing grounds, a building, furniture and apparatus for the conducting of the school. It may be true that while only $900 is needed to finish paying for the building, it may nevertheless be true that $2,000 is needed for the other purposes mentioned in the call for the election.

The necessary and proper steps having been taken, we are of opinion that the bonds to the extent of $2,000 can be legally issued, and that the circuit court properly so held.

Judgment affirmed.